NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  05a0259n.06
Filed:  April 5, 2005

**04-3311**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

IN RE: MARTHA R. BAUER
- Debtor

| | |
|---|---|
| **LINDA J. MILLER**, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE BANKRUPTCY |
| v. | ) APPELLATE PANEL FOR THE SIXTH |
| | ) CIRCUIT |
| **MARTHA R. BAUER**, | ) |
| | ) |
| Defendant-Appellant. | ) |

Before:  MERRITT and ROGERS, Circuit Judges; HOOD, District Judge.[*]

**ROGERS, Circuit Judge.**  Defendant-Appellant Martha R. Bauer appeals the Bankruptcy Appellate Panel's ("BAP") decision denying Bauer a discharge of all scheduled debt pursuant to 11 U.S.C. § 727(a)(3) and (5), and valuing Bauer's debt to Plaintiff-Appellee Linda J. Miller at $62,780.00.  For the reasons set forth in the BAP's opinion, the Bankruptcy Court's decision to deny a discharge was proper.  For the reasons set forth in the Bankruptcy Court's opinion, the challenged debt valuation was proper.  We therefore affirm.

---

[*]The Honorable Joseph M. Hood, United States District Court for the Eastern District of Kentucky, sitting by designation.

The Bankruptcy Court concluded both that Bauer's debt to Miller was non-dischargeable pursuant to 11 U.S.C. § 523(a), and that Bauer should be denied a discharge of all scheduled debt pursuant to 11 U.S.C. § 727(a). The BAP, however, properly determined § 523(a) to be inapplicable in this case. We also agree with the BAP's reasoning concerning Miller's § 727(a) claim. Bauer argues that the Bankruptcy Court's analysis on this issue was incorrect because it employed a fraud rationale, and because it placed too onerous a burden of production on Bauer. However, the Bankruptcy Court properly held that Bauer failed to explain satisfactorily the depletion of settlement funds pursuant to § 727(a)(5), and that she failed to preserve information pursuant to § 727(a)(3). The Bankruptcy Court did not err in requiring Bauer to supply documentation or corroborating testimony as part of providing a "satisfactory explanation" of expenditures under § 727(a)(5). The Bankruptcy Court found Bauer's testimony to be "extremely vague" on some matters and, given Bauer's considerable business sophistication and familiarity with the dispute over the settlement funds, it was reasonable to question Bauer's failure to substantiate major expenditures. *See Strzesynski v. Devaul (In re Devaul),* 318 B.R. 824, 840 (Bankr. N.D. Ohio 2004).

Further, we affirm the Bankruptcy Court's valuation of Bauer's debt to Miller at $62,780.00. It does appear that the BAP was incorrect in finding that a state court judgment in Miller's favor in that amount was final, and in finding that the Bankruptcy Court therefore did not have jurisdiction to review the amount. The Bankruptcy Court had properly exercised jurisdiction over this question. The Bankruptcy Court correctly concluded that, because Bauer's legal malpractice claim against

Miller was unlikely to succeed, the amount of damages reflected in the state court jury verdict should stand.

AFFIRMED.